UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| CARLOS SOTO, ) | |
| ) | |
| Petitioner, ) | Case No. 5:06-cv-54 |
| ) | |
| v. ) | Honorable Gordon J. Quist |
| ) | |
| THOMAS BIRKETT, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Respondent. ) | |
| ) | |

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d) prior to ordering the respondent to answer. *Scott v. Collins*, 286 F.3d 923, 929-30 (6th Cir. 2002). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

**Discussion**

I.    Factual Allegations

Petitioner is presently incarcerated in Oaks Correctional Facility. After a jury trial, Petitioner was convicted in Kent County Circuit Court of two counts of assault with intent to do great bodily harm less than murder, MICH. COMP. LAWS § 750.84, and one count of possession of a firearm during the commission of a felony, MICH. COMP. LAWS § 750.227b. On August 4, 1997, the trial court sentenced Petitioner as a fourth habitual offender to life imprisonment for each assault conviction, and two years' imprisonment for the felony-firearm conviction. On June 18, 1998, Petitioner filed a motion for re-sentencing in Kent County Circuit Court, which was subsequently denied. The Michigan Court of Appeals affirmed Petitioner's conviction in an unpublished opinion issued on July 23, 1999. The Michigan Supreme Court denied Petitioner's delayed application for leave to appeal on March 28, 2000.

Petitioner filed a motion for relief from judgment in the Kent County Circuit Court on September 17, 2002, which was subsequently denied on September 30, 2002. The Michigan Court of Appeals and Michigan Supreme Court also denied his applications for leave to appeal on March 4, 2005, and October 31, 2005, respectively.

Petitioner raises the following eight grounds for habeas relief:

I.    DID THE SENTENCING COURT ABUSE ITS DISCRETION BY IMPOSING ON [PETITIONER] A SENTENCE WHICH WAS DISPROPORTIONATELY HARSH.

II.    DID THE TRIAL COURT ABUSE ITS DISCRETION BY DENYING [PETITIONER'S] MOTION FOR RE-SENTENCING.

III.    WAS [PETITIONER] CONVICTED ON THE BASIS OF INSUFFICIENT EVIDENCE TO SHOW AN INTENT TO DO GREAT BODILY HARM LESS THAN MURDER.

IV. [PETITIONER] WAS DEPRIVED OF HIS FOURTEENTH AMENDMENT DUE PROCESS RIGHT TO A FAIR TRIAL BY MATERIAL AND SUBSTANTIAL PROSECUTORIAL MISCONDUCT WHERE THE [SIC]:

   A. THE PROSECUTOR PURPOSELY MISSTATED AND INTENTIONALLY MISREPRESENTED THE EVIDENCE PRESENTED AT TRIAL.

   B. THE PROSECUTOR IMPROPERLY AND KNOWINGLY USED PERJURED TESTIMONY.

   C. THE PROSECUTOR IMPROPERLY VOUCHED FOR THE CREDIBILITY OF THE STATE'S WITNESS AND [PETITIONER'S] GUILT[].

   D. THE PROSECUTOR COMMITTED REVERSIBLE ERROR AND DENIED [PETITIONER'S] RIGHT TO A FAIR TRIAL WHEN HE ARGUED AND PURPOSELY INJECT[ED] FACTS NOT IN EVIDENCE TO THE JURY DURING CLOSING.

   E. THE PROSECUTOR IMPROPERLY PLACED THE WEIGHT OF THE PROSECUTOR'S OFFICE BEHIND HIS PERSONAL BELIEF THAT THE DEFENSE INVESTIGATOR FRAUDULENTLY CREATED EVIDENCE USED TO DISCREDIT THE IDENTITY OF THE ALLEGED VEHICLE USED IN THE SHOOTING.

   F. THE CUMULATIVE EFFECT[] OF THE PROSECUTOR'S REPEATED MISCONDUCT DEPRIVED [PETITIONER OF] HIS STATE AND FEDERAL CONSTITUTIONAL RIGHT TO DUE PROCESS OF LAW AND A FAIR TRIAL.

V. [PETITIONER] WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS, WHERE [:]

   A. TRIAL COUNSEL FAILED TO INVESTIGATE AND CALL EXCULPATORY WITNESSES.

   B. DEFENSE COUNSEL REFUSED TO REQUEST A SPANISH INTERPRETER FOR [PETITIONER] WHO HAD A POOR COMMAND [SIC] UNDERSTANDING OF THE ENGLISH

        LANGUAGE, THERE BY [SIC] DENYING [PETITIONER OF] HIS FIFTH, SIXTH AND FOURTEENTH U.S. CONST. RIGHTS.

    C.    [PETITIONER] WAS DENIED HIS SIXTH AMENDMENT RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL, WHERE COUNSEL FAILED TO OBJECT TO THE PROSECUTORIAL MISCONDUCT REFERENCE[D] IN ARGUMENT ONE [SIC].

    D.    DEFENSE COUNSEL'S FAILURE TO REQUEST THE APPOINTMENT OF AN EXPERT ON EYEWITNESS IDENTIFICATION DENIED [PETITIONER] HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL, AND THE RIGHT TO PRESENT A DEFENSE.

VI.    FAILURE OF THE TRIAL COURT TO PROVIDE [PETITIONER] WITH AN INTERPRETER DENIED [PETITIONER OF HIS] FIFTH AMENDMENT RIGHT TO TESTIFY, HIS SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL, HIS FOURTEENTH AMENDMENT RIGHT TO DUE PROCESS.

VII.    THE CUMULATIVE EFFECT OF MULTIPLE ERRORS DURING TRIAL DENIED [PETITIONER OF] HIS DUE PROCESS [SIC] RIGHT TO A FAIR TRIAL AS GUARANTEED UNDER THE FOURTEENTH AMENDMENT'S DUE PROCESS CLAUSE TO THE CONSTITUTION OF THE UNTIED [SIC] STATES.

VIII.    [PETITIONER] MEETS THE CAUSE AND PREJUDICE STANDARD SET FORTH IN [M.C.R.] 6.508(D) IN EACH OF THE ABOVE ARGUMENTS, BY SHOWING CONSTITUTIONALLY INEFFECTIVE ASSISTANCE OF BOTH TRIAL AND APPELLATE COUNSEL IN VIOLATION OF THE SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL, AND FOURTEENTH AMENDMENT DUE PROCESS RIGHTS CLAUSE [SIC].

    II.    <u>Statute of Limitations</u>

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). Prior to enactment

of the AEDPA, there was no defined period of limitation for habeas actions.[1]  Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167 (2001) (limiting the tolling provision to only state, and not federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

In this case, § 2244(d)(1)(A) provides the period of limitation.  The other subsections do not apply to the grounds that Petitioner has raised.  Under § 2244(d)(1)(A), the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  According to paragraph nine of

---

[1] Previously, the only time limit was provided in Rule 9 of the Rules Governing § 2254 Cases, which allows dismissal of a petition only under circumstances where the state has been prejudiced by the delay in filing.

Petitioner's application, Petitioner appealed his conviction to the Michigan Court of Appeals and Michigan Supreme Court. The Michigan Supreme Court denied his application on March 28, 2000. Petitioner did not petition for certiorari to the United States Supreme Court. The one-year limitations period, however, did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired. *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on June 27, 2000. Petitioner had one year from June 27, 2000, to file his habeas application. Petitioner filed his habeas petition on March 22, 2006. Obviously, he filed more than one year after the time for direct review expired. Thus, his application is time-barred.

Petitioner filed a motion for relief from judgment in Kent County Circuit Court on September 17, 2002. Because Petitioner's one-year expired on June 27, 2001, his 2002 motion from relief from judgment did not serve to revive the limitations period. While 28 U.S.C. § 2244(d)(2) provides that the one-year statute of limitations is tolled while a duly filed petition for state collateral review is pending, the tolling provision does not "revive" the limitations period (i.e., restart the clock); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations. *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003); *Thomas v. Johnson*, No. 99-3628, 2000 WL 553948, at *2 (6th Cir. Apr. 28, 2000); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *see also Rashid v. Khulmann*, 991 F. Supp 254, 259 (S.D.N.Y. 1998); *Whitehead v. Ramirez-Palmer*, No. C 98-3433 VRW PR, 1999 WL 51793 (N.D. Cal. Feb. 2, 1999). Even where the postconviction motion raises a claim of ineffective assistance of appellate counsel, the filing of the motion for relief from judgment does not revive the statute of limitations. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th

Cir.), *cert. denied*, 125 S. Ct. 200 (2004) (citing *McClendon v. Sherman*, 329 F.3d 490 (6th Cir. 2003)).

Consequently, Petitioner's habeas application is barred unless the statute of limitations is equitably tolled. *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Allen*, 366 F.3d at 401; *Jurado v. Burt,* 337 F.3d 638, 642 (6th Cir. 2003); *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). The Sixth Circuit has repeatedly cautioned that equitable tolling should be applied "sparingly" by this Court. *See Jurado*, 337 F.3d at 642; *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *Dunlap*, 250 F.3d at 1008-09. In *Pace v. DiGuglielmo*, 125 S. Ct. 1807, 1814-15 (2005), the Supreme Court held that a petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id.* at 1814 (applying standard set forth in *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)).

While Petitioner acknowledges that his habeas petition is untimely, he argues that the statute of limitations should be equitably tolled for several reasons. First, Petitioner argues that a learning disability[2] inhibited him from filing his petition on time. Due to his alleged learning disability, Petitioner states that he failed to advance beyond the first grade or achieve a functional grasp of the English language. Second, Petitioner claims that he suffers from polio, which limits his mobility. Third, Petitioner, a Cuban immigrant, argues that he only speaks Spanish and cannot comprehend the English language because of the aforementioned learning disability. Finally,

---

[2]Petitioner's presentence report describes him as being on medication in the past for mental health problems, i.e. auditory hallucinations. *See* Pet'r's Ex. 1, p. 8 (docket #1).

Petitioner requested Spanish-speaking interpreters at several different Michigan Department of Corrections facilities to assist with his legal filings but interpreters were not always available to him.

The fact that Petitioner suffers from polio does not warrant tolling. A mental or physical illness tolls a statute of limitations if it actually prevents the sufferer from pursuing his legal rights during the limitations period. *Price v. Lewis*, No. 03-6467, 2005 WL 23371, at *1 (6th Cir. Jan. 5, 2005) *cert. denied*, 126 S. Ct. 221 (2005) (citing *Miller v. Runyon*, 77 F.3d 189, 191 (7th Cir. 1996) and *Rhodes v. Senkowski*, 82 F.Supp.2d 160, 168-70 (S.D.N.Y. 2000)). While Petitioner alleges that his polio limited his mobility, he does not state how the disease inhibited him from timely filing a § 2254 petition. *See Gaston v. Palmer,* 417 F.3d 1030, 1033-35 (9th Cir. 2005) (hearing voices, suffering from severe pain and multiple sclerosis, and being paralyzed from the waist down failed to warrant equitable tolling). As Petitioner failed to satisfy his burden, he is not entitled to equitable tolling of the statute of limitations due to his polio.

Petitioner also fails to show that his learning disability prevented him from pursing his legal rights during the statute of limitations period. *See Price*, 2005 WL 23371, at *1. The thrust of Petitioner's argument is that he suffers from a learning disability that limits his comprehension of the English language. Petitioner, however, actively pursued his legal claims during the limitations period by requesting assistance from interpreters with his federal habeas petition at several Michigan Department of Corrections facilities. *See* Pet'r's Br., pp.1-2 (docket #4). Petitioner filed a motion for relief from judgment approximately one year after the statute of limitations period expired, while allegedly suffering from his mental disability. He then filed appeals from the denial of his post-conviction relief in the state appellate courts. "The exceptional circumstances that would justify equitable tolling on the basis of mental incapacity are not present when the party who seeks the

tolling has been able to pursue his or her legal claims during the period of his or her alleged mental incapacity." *Price*, 2005 WL 23371, at *1(citing *Brown v. McKee,* 232 F.Supp.2d 761, 768 (E.D. Mich. 2002)); *see also Gutierrez v. Elo,* No. 00-CV-74240-DT, 2000 WL 1769559, at *3 (E.D. Mich. Oct. 30, 2005) (extraordinary circumstances did not exist where petitioner, a Cuban immigrant with a grade school education, limited command of the English language and lack of legal assistance, filed an untimely petition); *Cannon v. Kuhlmann,* No. 99Civ10101(DLC), 2000 WL 1277331, at *2 (S.D.N.Y. Sept. 7, 2000) (allegations of low intelligence, learning disability, memory loss, and use of psychiatric medication failed to show petitioner was unable to pursue his habeas rights during the limitations period). Petitioner has not established that extraordinary circumstances existed which caused him to file his habeas petition almost five years after the expiration of the limitations period. Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations for his alleged learning disabilities.

Petitioner also is not entitled to equitable tolling for his failure to understand the English language. In *Cobas v. Burgess,* 306 F.3d 441, 444 (6th Cir. 2002), the Sixth Circuit held:

> [W]here a petitioner's alleged lack of proficiency in English has not prevented the petitioner from assessing the courts, the lack of proficiency is insufficient to justify equitable tolling of the statute of limitations. An inability to speak, write and/or understand English, in and of itself, does not automatically give a petitioner reasonable cause for failing to know about the legal requirements for filing his claims.

The *Cobas* court found that the petitioner failed to justify equitable tolling when he had an interpreter at trial, wrote a detailed letter to his appellate attorney in English on complex legal issues, filed two post-conviction motions in the state courts, and filed his habeas petition in federal court. *Id.* Likewise, Petitioner's illiteracy did not prevent him from filing a number

of pleadings in the courts. Petitioner filed a motion for relief from judgment in state court, appeals for the denial of his motion in the Michigan appellate courts, and a § 2254 petition in federal court. Even assuming Petitioner received assistance in drafting these documents, "he was clearly able to communicate with someone who could help him." *Swinton v. Palmer,* No. 04-72672, 2005 WL 2173634, at *2 (E.D. Mich. Sept. 7, 2005) (rejecting petitioner's argument that his illiteracy should toll the statute of limitations when petitioner was able to file a number of pleadings in state court, a thirty-two page habeas petition, and an objection to a report and recommendation). Therefore, the Court will not apply equitable tolling to the one year statute of limitations for Petitioner's illiteracy.

Finally, Petitioner argues that he is entitled to equitable tolling because Michigan prison facilities failed to provide him with a Spanish speaking interpreter. "Were this Court to allow equitable tolling because of asserted language difficulties, AEDPA's time requirement would essentially be eviscerated for all petitioners claiming to be non-English speaking. Such a result is contrary to common sense." *Cortez v. Petrovsky,* No. 803CV1482T30MSS, 2006 WL 289113, at *1-2 (M.D. Fla. Feb. 7, 2006) (failure to provide Spanish speaking interpreters to non-English speaking inmates in the Florida prisons does not warrant equitable tolling); *see also Fennell v. Artuz,* 14 F.Supp.2d 374, 377 (S.D.N.Y. 1998) (tolling the statute of limitations for prisoners while they learn English and educate themselves in the law, would defeat the limiting purposes of AEDPA). Petitioner is not entitled to equitable tolling for his lack of a Spanish-speaking interpreter. *See Nguyen v. Golder,* 133 F. App'x 521, 523-24 (10th Cir. 2005) (lack of Vietnamese translator did not warrant equitable tolling); *Huang v. United States,* Nos. 03 Civ. 3755(RPP), 91 Cr.

827(RPP), 2003 WL 22272584, at *3 (S.D.N.Y. Oct. 2, 2003) (lack of Chinese interpreter failed to warrant equitable tolling). Complaining about the lack of Spanish speaking interpreters is similar to complaining about an inadequate law library, unfamiliarity with the legal process, lack of representation, or illiteracy. *Hurtado v. Cockrell,* No. 3:02-cv-0778-M, 2002 WL 32438776, at *5 (N.D. Tex. 2002). The fact that Petitioner is untrained in the law, denied access to a law library, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403; *Brown v. United States*, No. 01-1481, 2001 WL 1136000, at *3 (6th Cir. Sept. 21, 2001) (citing *United States v. Baker*, 197 F.3d 211, 218-19 (6th Cir. 1999)); *Fisher v. Johnson*, 174 F.3d 710, 714-15 (5th Cir. 1999) ("ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing."); *Burnett v. Birkett,* No. 00-10144-BC, 2002 WL 31748843, at *6-7 (E.D. Mich. Nov. 26, 2002). Accordingly, Petitioner is not entitled to the equitable tolling of the statute of limitations.

        The Court of Appeals has suggested that a habeas petitioner is entitled to notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Scott*, 286 F.3d at 930. This report and recommendation shall serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

**Recommended Disposition**

For the foregoing reasons, I respectfully recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations.

Dated:  May 1, 2006         /s/ Hugh W. Brenneman, Jr.
                            Hugh W. Brenneman, Jr.
                            United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).