UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

CARLOS SOTO,

       Petitioner,

v.                                           Case No. 5:06-CV-54

THOMAS BIRKETT,                        HON. GORDON J. QUIST

       Respondent.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

       The Court has before it Petitioner's Objections to the report and recommendation dated May 1, 2006, in which Magistrate Judge Brenneman recommended that Petitioner's petition for writ of habeas corpus be denied because it is barred by the one-year statute of limitations. The magistrate judge also considered Petitioner's argument that he is entitled to equitable tolling based upon his learning disability, polio that he suffers, his failure to understand the English language, and the lack of Spanish speaking interpreters in Michigan prison facilities. The magistrate judge concluded that Petitioner failed to show that any of these conditions or circumstances precluded Petitioner from filing a timely habeas petition, especially in light of Petitioner's demonstrated ability to file post-conviction motions in state court during the limitations period. After conducting a *de novo* review of the report and recommendation, the Court concludes that the report and recommendation should be adopted by the Court.

       In his Objections, Petitioner essentially reiterates the conditions supporting his claim for equitable tolling and asserts that the magistrate judge erred in concluding that Petitioner failed to demonstrate that his mental and physical limitations prevented him from filing a timely habeas petition. However, in meeting his burden to show that he is entitled to equitable tolling, Petitioner

must demonstrate that one or more of his conditions actually impeded his ability to file a timely petition. *See Jagodka v. Lafler*, 148 F. App'x 345, 347 (6th Cir. 2005). He fails to do so in his Objections. Moreover, picking up on the magistrate judge's observation regarding Petitioner's apparent ability to pursue his post-conviction remedies, the Court notes that Petitioner was able to file his Objections within the ten-day period without requesting an extension of time, which petitioners routinely do in habeas proceedings. Accordingly, Petitioner has failed to demonstrate a proper basis for applying equitable tolling.

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." For the reasons stated above, the Court finds that reasonable jurists could not find that this Court's dismissal of Petitioner's claim was debatable or wrong. Thus, the Court will deny Petitioner a certificate of appealability. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued May 1, 2006 (docket no. 7) is **APPROVED AND ADOPTED** as the Opinion of this Court.

**IT IS FURTHER ORDERED** that Petitioner's habeas corpus petition is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a **certificate of appealability** is **DENIED** by this Court.

This case is **concluded**.


Dated: October 3, 2006              /s/ Gordon J. Quist
                                    GORDON J. QUIST
                                    UNITED STATES DISTRICT JUDGE